# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTH ANDREW PEEPER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>Defendant. | Case No. ED CV 16-1642 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Garth Andrew Peeper ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly assessing his credibility. [*See* Dkt. No. 18 at 4, 6-10.] The Court agrees with Plaintiff for the reasons discussed below.

A. The ALJ Improperly Assessed Plaintiff's Credibility

As a rule, absent a finding of malingering, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so"

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); [Dkt. No. 18. at 1 n.1].

supported by substantial evidence. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *Brown-Hunter v. Colvin*, 806 F.3d 487, 489, 492-93 (9th Cir. 2015).

Here, first, the ALJ failed to explain how Plaintiff's "sporadic[]" work history[2] before his 2010 alleged onset date impacted his 2014 testimony about his impairments. (AR at 15, 19, 28, 31, 138); *see Delegans v. Colvin*, 584 F. App'x 328, 330 (9th Cir. 2014) (statements about work history were of limited relevance because they involved time periods predating alleged onset date); *Boissiere v. Berryhill*, 2017 WL 3741261, at *7 (C.D. Cal. Aug. 30, 2017) (ALJ erred by failing to explain how claimant's "sporadic" employment prior to 2008 alleged onset date impacted her 2014 testimony regarding her impairments).

Second, the ALJ's statement that Plaintiff's work history simply "raises a question" as to whether his unemployment is actually due to his impairments[3], is insufficient for review. (AR at 19); *see Brown-Hunter*, 806 F.3d at 492 (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Rangel v. Colvin*, 2013 WL 3456975, at *7 (E.D. Cal. July 9, 2013) (concluding that "ALJ failed to offer findings regarding [claimant]'s work history").

Third, the remaining reason – the purported lack of, or conflict with, the medical evidence – cannot, by itself, support the credibility determination. (AR at 19); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (lack of objective medical

---

[2] The ALJ failed to detail any of Plaintiff's work history, which appears to have spanned from the 1970s to 2010. (AR at 31, 145.)

[3] Notably, the ALJ did not ask Plaintiff at the hearing to explain his gaps in employment. *See, e.g., Golden v. Colvin*, 2017 WL 4642008, at *11 (N.D. Cal. Oct. 17, 2017) (questioning claimant during the hearing may have allowed ALJ to understand whether claimant's poor work history was caused by her impairment); *Boissiere*, 2017 WL 3741261 at *7 ("In fact, to the extent [claimant]'s work history was 'sporadic,' or reflected a 'fair number' of employers of relatively brief duration, this may actually be consistent with the fact that her physical and/or mental health symptoms were interfering with her ability to maintain full-time employment.").

evidence supporting claimant's symptoms and limitations cannot, by itself, support a credibility finding); *Dschaak v. Astrue*, 2011 WL 4498835, at *1 (D. Or. Sept. 27, 2011) ("[O]nce the[] other bases for the ALJ's decision were discarded as erroneous, the ALJ's credibility determination could not rely solely on conflicts with the medical evidence").

Thus, the ALJ improperly assessed Plaintiff's credibility[4].

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the error, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit his testimony or provide clear and convincing reasons, supported by substantial evidence, for rejecting it. *See Benton*, 331 F.3d at 1040. Further, if the ALJ rejects Plaintiff's allegations, he must specifically identify what testimony is not credible, and what evidence undermines his complaints. *See Brown-Hunter*, 806 F.3d at 493.

---

[4] The ALJ also discussed Plaintiff's daily activities, but the Commissioner does not contend that this as a reason supporting the credibility determination. (AR at 19); [Dkt. No. 9 at 4 ("Any issue not raised in the Joint Stipulation may be deemed to have been waived."); Dkt. No. 18 at 12-13]; *see Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (issues not raised before the district court are waived). Even if the ALJ relied on Plaintiff's daily activities as a factor, and it was properly raised here, the ALJ clearly failed to make findings as to the transferability of those activities to the workplace. (AR at 19); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination").

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Id.* at 495. Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id.*; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). Given the necessity of remand, the parties may freely take up all issues raised in the Joint Stipulation, including Plaintiff's contention that the ALJ did not have an opportunity to review evidence supplied after the decision [Dkt. No. 18 at 3-6], and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: 1-24-2016

Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*